UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

DEMARVEL GASKIN

    Plaintiff,

    v.    No. 3:14-cv-941(WIG)

NANCY A. BERRYHILL,
Acting Commissioner of
Social Security,

    Defendant.
_____X

## ORDER ON PLAINTIFF'S MOTION FOR ATTORNEYS' FEES

Plaintiff Demarvel Gaskin filed this action on June 27, 2014, seeking review of the Commissioner of Social Security's denial of her application for Supplemental Security Income. On April 9, 2015, the Commissioner moved for entry of judgment under sentence four of 42 U.S.C. § 405(g), with a reversal and remand of the case to the Commissioner for further administrative proceedings. Plaintiff's counsel in this federal court action, Olia Yelner, consented to the relief sought in the motion. The Court granted the Commissioner's motion for remand and judgment was entered in Plaintiff's favor.

Now before the Court is Plaintiff's Motion for Attorneys' Fees pursuant to 42 U.S.C. § 406(b). In the motion, Attorney Yelner represents that Plaintiff seeks fees for Andrew V. O'Shea, the attorney who successfully represented Plaintiff at the remand hearing. Attorney Yelner states that Attorney O'Shea did not represent Plaintiff before this Court, but only

represented her at the administrative level.  For the reasons that follow, the Court finds that an award of fees under 42 U.S.C. § 406(b) is not appropriate in this case.

Congress has set forth parameters for attorneys' fees awards in connection with representation of Social Security claimants.  42 U.S.C. § 406(a) "deals with the administrative and judicial review stages discretely: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court."  *Gisbrecht v. Barnhart*, 535 U.S. 789, 794 (2002).  In this case, Plaintiff seeks fees under 406(b).  Section 406(b) provides as follows: "Whenever a court renders a judgment favorable to a claimant under this subchapter who was represented *before the court* by an attorney, the court may determine and allow as part of its judgment a reasonable fee *for such representation…*"  (emphasis added).  According to the plain language of the statute, Attorney O'Shea is not entitled to fees under this section because he did not represent Plaintiff "before [this] court," and thus is not seeking fees "for such representation."  *See Clark v. Astrue*, 529 F.3d 1211, 1215 (9th Cir. 2008) (interpreting "for such representation" in Section 406(b) to refer only to representation "before the court."); *Mudd v. Barnhart*, 418 F.3d 424, 428 (4th Cir. 2005) (finding Section 406(b) allows the court to award fees only for "court-related work"); *Wrenn ex rel. Wrenn v. Astrue*, 525 F.3d 931, 937 (10th Cir. 2008) (explaining that the court cannot make a fee award for representation at the agency level). Since Attorney O'Shea did not represent Plaintiff before the district court, he is not entitled to an award of fees under Section 406(b).  Therefore, Plaintiff's Motion [Doc. # 24] is DENIED.

It is SO ORDERED, this  11th  day of July, 2018, at Bridgeport, Connecticut.

                                        /s/ *William I. Garfinkel*
                                        WILLIAM I. GARFINKEL
                                        United States Magistrate Judge